UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRY TOWNSEND, *pro se*
    Plaintiff,

v.                                                Case No: 8:16-CV-854-T-36AEP

PATRICIO GUITY, IAN KENDRICK,
MICHAEL CARDIN, AND
LAKELAND POLICE DEPARTMENT,
    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 20), Plaintiff's response in opposition (Doc. 24), and Plaintiff's Additional Amended Complaint Responding to the Motion to Dismiss against Officer Kendrick, Officer Cardin, and the Lakeland Police Department and [sic] Its Official Capacity (the "Additional Amended Complaint") (Doc. 30). Upon review and consideration, the Court concludes that the Motion to Dismiss should be granted with leave to amend.[1]

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 1:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at www.flmd.uscourts.gov/pro_se/docs/pro-seLegal_Assist.htm under the right-side link "Proceeding Without A Lawyer."

**I.   STATEMENT OF FACTS** [2]

On or about May 3, 2012, Plaintiff Darry Townsend ("Townsend"), who is proceeding *pro se,* was a passenger in a vehicle operated by Ervin L. Moye ("Moye"). Doc. 9 ¶ 5. Defendants Ian Kendrick ("Kendrick"), Michael Cardin ("Cardin") and Patricio Guity ("Guity") (collectively the "Officers") are officers with the Lakeland Police Department. *Id*. at ¶ 3. They stopped Moye for a traffic violation. *Id.* at ¶ 6. The Officers detained Moye for driving with a suspended license. *Id.* Townsend and Moye were cooperative and compliant with the Officers' instructions and requests. *Id*. at ¶ 7. Officer Guity ordered Townsend out of the vehicle. *Id.* at ¶ 8. Officer Guity proceeded to pat-down Townsend in search of weapons and did not allow any time for Townsend to refuse. *Id.*

Townsend sues the Officers in their individual and official capacities, as well as the Lakeland Police Department.  Townsend alleges this pat-down was a violation of the Fourth Amendment because the Officers did not have probable cause to search him given that he was quiet and cooperative during the traffic stop. *Id.* at ¶ 11. He alleges that he has suffered mental pain and suffering, psychological injuries and loss of the capacity for the enjoyment of life. *Id*. at ¶ 12.

**II.   STANDARD OF REVIEW**

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of

---

[2] The following Statement of Facts is derived from the Plaintiff's Amended Complaint (Doc. 6), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

Moreover, when a successful affirmative defense, such as statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920–21, 166 L.Ed.2d 798 (2007); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.").

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*¸148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.,* 846 F. Supp. 60, 61 (M.D. Fla. 1994).

### III.  DISCUSSION

The Officers and the Lakeland Police Department move for dismissal on several grounds. Officer Kendrick and Officer Cardin move to dismiss the claims against them because the factual allegations do not suggest that they were involved in the pat-down which is the sole basis for the

alleged constitutional violation.[3] The Officers also seek dismissal against them in their official capacities because the allegations do not suggest a custom or policy that led to the alleged constitutional violation. And the Lakeland Police Department ("LPD") argues that since it is not a legal entity subject to suit, the Court must dismiss all claims against it. The Defendants recognize that while the Plaintiff has not expressly filed suit under 42 U.S.C § 1983, his claims all fall under that statute. *See* Doc. 20 at 4, n.1.

### A. Individual Claims against Officers Kendrick and Cardin

Townsend makes no factual allegations that Officer Kendrick or Officer Cardin engaged in the pat-down procedure that led to the alleged constitutional violation. Townsend merely alleges that they were involved in the original traffic stop. The legality of the traffic stop itself is not in question within the Amended Complaint. And Townsend admits that Officer Kendrick was not implicated in the search. Doc. 24 at ¶ 3 (citing Doc. 20 at ¶ 3). Because government officials cannot be held liable under a theory of *respondent superior*, a plaintiff must plead that each government official, through his own actions, violated the plaintiff's constitutional rights. *See*, *e.g.*, *Iqbal*, 556 U.S. at 676. As such, even given the less stringent pleading standards for a *pro se* litigant, Officers Kendrick and Cardin should be dismissed from this suit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### B. Claims against the Lakeland Police Department

The LPD moves to dismiss the Amended Complaint because, as a matter of law, police departments are not legal entities with the capacity to sue or be sued. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992); *Florida City Police Dept. v. Corcoran*, 661 So. 2d 409, 410 (Fla.

---

[3] Officer Guity filed an Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Doc. 21).

3d DCA 1995). The police department in general is the vehicle that the municipal government uses to fulfill its policing function and thus is not separate from the municipality. *Miller v. Tampa Police Dep't,* Case No. 8:10-CV-487-T-33EAJ, 2010 WL 2854259, *1 (M.D. Fla. July 21, 2010). Therefore, the LPD as a department within the City of Lakeland, is not subject to suit. Accordingly, the Court will dismiss the claims against the LPD with prejudice.

### C. Official Capacity Claims Against Officers Kendrick, Cardin, and Guity

The Officers also move for dismissal of the claims against them in their official capacities. Claims against municipal agents are claims against the municipality itself. *See Burns v. City of Alexander City,* 110 F.Supp 3d 1237, 1247 (M.D. Ala. 2015) (citing *Monell v. Dept. of Social Services of the City of New York,* 98 S. Ct. 2018, 203 n. 55 (1978)). And local governments are only liable for acts which it has "officially sanctioned or ordered." *Turquitt v. Jefferson County*, 137 F.3d 1285 (11th Cir. 1998) (quoting *Pembaur v. City of Cincinnati*, 106 S.Ct. 1292, 1298 (1986)). Therefore, claims arising under 42 U.S.C. § 1983 must show that the official policy of the municipality caused the alleged deprivation or that an unofficial custom or practice is so entrenched it has the "force of law." *Monell*, 98 S.Ct. at 2036.

Townsend does not allege any facts in the Amended Complaint regarding any official policies, customs, or practices that systematically deprived him of his Fourth Amendment rights. As such, the Court will dismiss the allegations against Officers Kendrick, Cardin, and Guity in their official capacities.

### D. Plaintiff's Additional Amended Complaint

Townsend's filing of his proposed Additional Amended Complaint is improper. The Court recognizes that Townsend was attempting to correct the deficiencies in his Amended Complaint as described in the Defendants' Motion to Dismiss. But under the Federal Rules of Civil Procedure he had to seek the Defendants' or the Court's permission before filing it. *See* Fed.R.Civ.P. 15(a).

Therefore, the Court will strike the Additional Amended Complaint and give Plaintiff an opportunity to file a second amended complaint to address the issues discussed above.

**IV.  Conclusion**

The Amended Complaint contains neither allegations regarding specific acts committed by Officers Kendrick and Cardin, nor allegations regarding the LPD's specific policies, customs, or practices which violated Townsend's Fourth Amendment Rights.  Therefore, the claims against Officer Kendrick in his official and individual capacity, Officer Cardin in his official and individual capacity, Officer Guity in his official capacity, and the LPD should be dismissed.

Accordingly, it is hereby **ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 20) is **GRANTED**.
2. Plaintiff's claims against Defendants Kendrick, Cardin, and Guity in their official capacities are **DISMISSED**.
3. Plaintiff's claims against Defendants Kendrick and Cardin in their individual capacities are **DISMISSED**.
4. Plaintiff's claims against Defendant Lakeland Police Department are **DISMISSED WITH PREJUDICE**.
5. Plaintiff is granted leave to file a Second Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order, which cures the deficiencies discussed in this Order.
6. Plaintiff's Additional Amended Complaint Responding to the Motion to Dismiss against Officer Kendrick, Officer Cardin, and the Lakeland Police Department and [sic] Its Official Capacity (Doc. 30) is **STRICKEN**.

**DONE AND ORDERED** in Tampa, Florida on May 26, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record and Unrepresented Parties, if any